## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEITH COLLINS, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| NEXTIER OILFIELD SOLUTIONS INC., | ) | **FEDERAL SECURITIES LAWS** |
| ROBERT DRUMMOND, LESLIE BEYER, | ) | |
| STUART BRIGHTMAN, GARY M. | ) | JURY TRIAL DEMANDED |
| HALVERSON, PATRICK MURRAY, AMY | ) | |
| NELSON, MELVIN G. RIGGS, BERNARDO | ) | |
| J. RODRIGUEZ, MICHAEL ROEMER, | ) | |
| JAMES C. STEWART, and SCOTT WILLE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Keith Collins ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against NexTier Oilfield Solutions Inc. ("NexTier" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of the Company with Patterson-UTI Energy, Inc. ("Patterson-UTI").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On June 14, 2023, NexTier entered into an Agreement and Plan of Merger (the "Merger Agreement") with Patterson-UTI and Patterson-UTI's wholly owned subsidiaries, Pecos Merger Sub Inc. ("Merger Sub Inc.") and Pecos Second Merger Sub LLC ("Merger Sub LLC"). The Merger Agreement provides that NexTier stockholders will receive 0.7520 shares of Patterson-UTI common stock per share of NexTier common stock.[2]

3. The Company's corporate directors subsequently authorized the July 31, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the

---

[2] Company stockholders will own approximately forty-one percent of the Combined Company upon consummation of the Proposed Transaction.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for August 30, 2023.

defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of NexTier common stock.

10. Defendant NexTier is a Delaware corporation with its principal executive offices located at 3990 Rogerdale Road, Houston, Texas 77042. NexTier's shares trade on the New York Stock Exchange under the ticker symbol "NEX." NexTier is a predominately U.S. land focused oilfield service company, with a diverse set of well completion and production services across a variety of active and demanding basins. The Company provides services through its operating subsidiaries to exploration and production ("E&P") customers. The Company is organized into two reportable segments: Completion Services and Well Construction and Intervention Services. The Completion Services segment consists of the following business

lines: (a) hydraulic fracturing services; (b) wireline and pumping services; and (c) completion support services. The Well Construction and Intervention Services segment consists of the Company's cementing services.

11. Defendant Robert Drummond has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

12. Defendant Leslie Beyer is and has been a director of the Company at all times relevant hereto.

13. Defendant Stuart Brightman is and has been a director of the Company at all times relevant hereto.

14. Defendant Gary M. Halverson is and has been a director of the Company at all times relevant hereto.

15. Defendant Patrick Murray is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

16. Defendant Amy Nelson is and has been a director of the Company at all times relevant hereto.

17. Defendant Melvin G. Riggs is and has been a director of the Company at all times relevant hereto.

18. Defendant Bernardo J. Rodriguez is and has been a director of the Company at all times relevant hereto.

19. Defendant Michael Roemer is and has been a director of the Company at all times relevant hereto.

20. Defendant James C. Stewart is and has been a director of the Company at all times relevant hereto.

21. Defendant Scott Wille is and has been a director of the Company at all times relevant hereto.

22. Defendants identified in paragraphs 11-21 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

23. On June 15, 2023, Patterson-UTI and the Company jointly announced in relevant part:

> HOUSTON – June 15, 2023 – Patterson-UTI Energy, Inc. (NASDAQ: PTEN) ("Patterson-UTI") and NexTier Oilfield Solutions Inc. (NYSE: NEX) ("NexTier") today announced that they have entered into a definitive merger agreement to combine in an all-stock merger of equals transaction. The combined company, with an enterprise value of approximately $5.4 billion, will be an industry leading drilling and completions services provider with operations in the most active major U.S. basins, and strong free cash flow to accelerate the return of capital to shareholders.
>
> Under the terms of the agreement, which has been unanimously approved by the boards of directors of both companies, NexTier shareholders will receive 0.7520 shares of Patterson-UTI common stock for each share of NexTier common stock owned. Upon closing of the transaction, Patterson-UTI shareholders will own approximately 55% and NexTier shareholders will own approximately 45% of the combined company on a fully diluted basis. The merger is expected to be tax-free to shareholders of both companies.
>
> Andy Hendricks, Chief Executive Officer of Patterson-UTI, commented, "This merger unites two top-tier and technology-driven drilling and well completions businesses, creating a leading platform at the forefront of innovation. As one company, we will have a significantly expanded, comprehensive portfolio of oilfield services offerings across the most active producing basins in the United States, along with operations in Latin America. With our combined strong balance sheet, ample liquidity and greater free cash flow, we will be well positioned to continue to invest in technology, innovation and people, while delivering strong cash returns to shareholders."
>
> Mr. Hendricks continued, "NexTier shares our culture of safety, deep customer relationships and operational and financial outperformance. Together, we will

better serve our employees, shareholders, customers, suppliers and the communities in which we operate.  We look forward to working with the NexTier team to successfully bring our two companies together."

Robert Drummond, President and Chief Executive Officer of NexTier, said, "Our agreement to merge with Patterson-UTI brings together two complementary organizations to create a premier North American drilling and completions company.  We believe offering a comprehensive suite of solutions on one integrated platform will position the combined company as the partner of choice for a greater number of customers across geographies and throughout the full well life cycle.  We're confident that together, we will be able to drive efficiencies across the portfolio and unlock more value for shareholders and customers than either organization could achieve on its own."

Mr. Drummond added, "NexTier and Patterson-UTI each have proven track records of integrating businesses, and we're confident that combining through a merger of equals will enable us to leverage the strengths of both highly talented workforces and create exciting career opportunities for employees as we become a larger, more diversified platform."

*  *  *

Leadership, Governance and Headquarters

The combined company will be led by a proven management team that reflects the strengths and capabilities of both organizations.  Upon close, Andy Hendricks, President and Chief Executive Officer of Patterson-UTI, will serve as President and Chief Executive Officer of the combined company and Robert Drummond, President and Chief Executive Officer of NexTier, will become Vice Chair of the combined company's Board.  Curtis Huff, Patterson-UTI's current Chair of the Board, will serve as Chair of the combined company's Board.  Following close, the combined company's Board will comprise 11 directors, six of whom will be from the Patterson-UTI Board, including Mr. Hendricks, and five of whom will be from the NexTier Board.

The combined company will operate under the name Patterson-UTI Energy, Inc. and trade under the ticker symbol PTEN.  The Well Completions business will operate under the NexTier Completions brand.  The combined company's corporate headquarters will remain in Houston, Texas.

Approvals and Closing

The merger is expected to close in the fourth quarter of 2023, following Patterson-UTI and NexTier shareholder approval, regulatory approvals and satisfaction of other customary closing conditions.

\* \* \*

Advisors

Goldman Sachs & Co. LLC is serving as financial advisor and Gibson, Dunn & Crutcher LLP is serving as legal advisor to Patterson-UTI.

Moelis & Company LLC is serving as financial advisor and Kirkland & Ellis LLP is serving as legal advisor to NexTier.

**The Materially Incomplete and Misleading Proxy Statement**

24. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on July 31, 2023  The Proxy Statement, which recommends that NexTier stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) Company management's financial forecasts for NexTier, Patterson-UTI, and the combined company; and (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Moelis & Company LLC ("Moelis").

*Material Misrepresentations and/or Omissions Concerning the Company Managements Financial Forecasts for NexTier, Patterson-UTI, and the Combined Company*

25. The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the line items underlying NexTier's forecasted Total Adjusted EBITDA and Unlevered Free Cash Flow.

26. The Proxy Statement similarly fails to disclose the line items underlying Patterson-UTI's forecasted Total Adjusted EBITDA and Unlevered Free Cash Flow.

27. The Proxy Statement also fails to disclose the line items underlying the combined company's forecasted Total Adjusted EBITDA.

*Material Misrepresentations and/or Omissions Concerning Moelis' Financial Analyses*

28. The Proxy Statement fails to disclose material information concerning Moelis' financial analyses.

29. With respect to the *Discounted Cash Flow Analysis-Standalone* of the Company performed by Moelis, the Proxy Statement fails to disclose: (a) the Company's terminal values; and (b) the midpoint of NexTier's standalone NOL value that was added to the implied equity value resulting from Moelis' analysis.

30. With respect to the *Discounted Cash Flow Analysis-Standalone* of Patterson-UTI performed by Moelis, the Proxy Statement fails to disclose: (a) Patterson-UTI's terminal values; and (b) the midpoint of Patterson-UTI's standalone NOL value that was added to the implied equity value resulting from Moelis' analysis.

31. With respect to the *DCF-Based Has/Gets Analysis* performed by Moelis, the Proxy Statement fails to disclose: (a) the *pro forma* combined company NOLs; and (b) the combined company's terminal values.

32. With respect to the *Equity Research Share Price Targets* analysis of NexTier and Patterson-UTI performed by Moelis, the Proxy Statement fails to disclose both the individual price targets observed, as well as their respective sources.

33. The omission of the above-referenced information renders statements in the "Certain NexTier Unaudited Prospective Financial Information" and "Opinion of NexTier's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

34. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently

informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and NexTier**

35. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. NexTier is liable as the issuer of these statements.

37. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

41. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

42. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of NexTier within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of NexTier and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

47. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction,

rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

        C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

        D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.    Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 8, 2023                               **LONG LAW, LLC**

                                                      By:  */s/ Brian D. Long*
                                                          Brian D. Long (#4347)
                                                          3828 Kennett Pike, Suite 208
                                                          Wilmington, DE 19807
                                                          Telephone: (302) 729-9100
                                                          Email: BDLong@LongLawDE.com

                                                          *Attorneys for Plaintiff*